**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: ____________________

DAVID ZINN, an individual, and MICHAEL GRAFF, an individual; on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SERVICE CORPORATION INTERNATIONAL, a Texas corporation; SCI FUNERAL SERVICES OF FLORIDA, INC., a Florida corporation; ALDERWOODS GROUP, INC., a Delaware corporation; MHI GROUP, INC., a Florida corporation; FUNERAL SERVICES ACQUISITION GROUP, a Florida corporation; FUNERAL SERVICES ACQUISITION GROUP, LLC, a Florida limited liability company; HAUCK ENTERPRISES, LTD., a Texas corporation; and RUSTY SCOTT, an individual,

Defendants.
__________________________________/

**NOTICE OF REMOVAL OF CIVIL ACTION**

Pursuant to 28 U.S.C. § 1332(d), 28 U.S.C. § 1441(a), 28 U.S.C. § 1446(a) and 28 U.S.C. § 1453(b), Defendant, Service Corporation International ("SCI"), a Texas corporation, files this notice of removal of this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, Broward Division, and states:

1. Plaintiffs, who are citizens of Florida, have filed a class action complaint against several Defendants, including at least one citizen of Texas, seeking $200 million in damages.[1] On the face of the complaint, this class action is removable to this Court pursuant to 28 U.S.C. § 1332(d), 28 U.S.C. § 1441(a), 28 U.S.C. § 1446(a) and 28 U.S.C. § 1453(b).

2. Removed case. On April 5, 2012, a civil action was filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County[2], Florida, captioned *Zinn & Graff v. Service Corporation International, et al*., Case No. 2012-CA-006536-MB ("State Action"). The State Action was commenced by the filing of a Class Action Complaint. A true and correct copy of the Class Action Complaint, including referenced exhibits, is attached as Exhibit "A." The Class Action Complaint was served on SCI on April 5, 2012. This was the date that the Class Action Complaint was first received. This removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

3. Party Allegations.

(a) As alleged in the Class Action Complaint, at all times material, Plaintiff, David Zinn, was a citizen and resident of the State of Florida. (Compl. at ¶ 2).

(b) As alleged in the Class Action Complaint, at all times material, Plaintiff, Michael Graff, was a citizen and resident of the State of Florida. (Compl. at ¶ 3)

(c) As alleged in the Class Action Complaint, at all times material, Defendant SCI was a Texas corporation with its principal place of business in Texas. (Compl. at ¶ 4).

---

[1] SCI advises the Court that the following named defendants are not existing corporations: MHI Group, Inc.; Funeral Services Acquisition Group; and Funeral Services Acquisition Group, LLC.

[2] It should be noted however, that while the Plaintiffs filed the State Action in the Palm Beach County Circuit Court, the cemetery at issue is located in Broward County, and the alleged malfeasance occurred in Broward County. Therefore, for the purposes of removal, Defendant's respectfully request that this case be assigned to the Broward Division of the Southern District of Florida.

4. Other Jurisdictional Allegations.

(a) The Class Action Complaint is brought pursuant to Rule 1.220, Florida Rules of Civil Procedure, governing class actions. (Compl. at ¶¶ 32-47).

(b) As alleged in the Class Action Complaint, the amount of damages sought exceeds $200 million. (Compl. at ¶ 31, and prayers for relief).

(c) As alleged in the Class Action Complaint, the number of class members is in the tens of thousands. (Compl. at ¶ 35). The class is not geographically restricted and allegedly includes all "legally authorized persons" as defined by § 497.005, Florida Statutes,[3] who control the disposition of remains of any decedent buried at Star of David, all persons who

[3] "Legally authorized person" means, in the priority listed:

> (a) The decedent, when written inter vivos authorizations and directions are provided by the decedent;
> (b) The person designated by the decedent as authorized to direct disposition pursuant to Pub. L. No. 109-163, s. 564, as listed on the decedent's United States Department of Defense Record of Emergency Data, DD Form 93, or its successor form, if the decedent died while serving military service as described in 10 U.S.C. s. 1481(a)(1)-(8) in any branch of the United States Armed Forces, United States Reserve Forces, or National Guard;
> (c) The surviving spouse, unless the spouse has been arrested for committing against the deceased an act of domestic violence as defined in s. 741.28 that resulted in or contributed to the death of the deceased;
> (d) A son or daughter who is 18 years of age or older;
> (e) A parent;
> (f) A brother or sister who is 18 years of age or older;
> (g) A grandchild who is 18 years of age or older;
> (h) A grandparent; or
> (i) Any person in the next degree of kinship.

In addition, the term may include, if no family member exists or is available, the guardian of the dead person at the time of death; the personal representative of the deceased; the attorney in fact of the dead person at the time of death; the health surrogate of the dead person at the time of death; a public health officer; the medical examiner, county commission, or administrator acting under part II of chapter 406 or other public administrator; a representative of a nursing home or other health care institution in charge of final disposition; or a friend or other person not listed in this subsection who is willing to assume the responsibility as the legally authorized person. . . .

Fla. Stat. § 497.005(39).

purchased burial rights and services at Star of David, and all family members and successors of interest of deceased individuals buried at Star of David, regardless of their state of residence. (Compl. at ¶ 32). This is a vast and unknowable number of people. The definition of "legally authorized persons" and "family members" encompasses not just living spouses of the deceased, but also their children, parents, siblings, grandparents, aunts, uncles, nieces, nephews, cousins, and a variety of other people living in states across America.

5. Removal Jurisdiction. This Court has subject matter jurisdiction over the State Action pursuant to 28 U.S.C. § 1332(d).

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

28 U.S.C. § 1332(d)(2).

(a) Plaintiffs seek $200 million (Compl. at ¶ 31, and prayers for relief); thus the amount in controversy exceeds $5 million exclusive of interest and costs;

(b) Plaintiffs filed a class action complaint pursuant to Rule 1.220, Florida Rules of Civil Procedure (Compl. ¶¶ 32-47);

(c) Both Plaintiffs, David Zinn and Michael Graff, are citizens of Florida. Defendant, SCI, is a citizen of Texas. Therefore "any member" of the class is a citizen of a state different from "any defendant." 28 U.S.C. § 1332(d)(2)(A). It is irrelevant whether other Defendants may be citizens of Florida, and the consent of the other Defendants is not necessary for this removal. 28 U.S.C. § 1453(b).

6. Attachment of State Court documents. True and correct copies of all process and pleadings served upon SCI in the state court action, including specifically a copy of the

complaint and summons, are attached as Exhibits A (Complaint), B (Summons), C (Notice of Filing Notice of Removal) and D (all other papers and process). See 28 U.S.C. § 1446(a).

7. Timeliness of removal notice. SCI first received a copy of the Complaint when the Summons and Complaint were served on their registered agent by process server on April 5, 2012. *See* Exhibit B. Removal of this action is therefore timely under 28 U.S.C. §§ 1446(b) and 1453 because it was made within thirty days of receipt of service by SCI.

8. Notice Given to the State Court. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiffs and to the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, a copy of which is attached as Exhibit C. *See* 28 U.S.C. § 1446(d).

**WHEREFORE**, this civil action is hereby removed to the United States District Court for the Southern District of Florida.[4]

[4] SCI removes this action to the United States District Court without waiving and in full reservation of its rights to compel arbitration of any claims asserted in this action that are subject to an arbitration agreement.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April, 2012, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

**GRAYROBINSON, P.A.**

*Counsel for Defendants,*
*Service Corporation International,*
*SCI Funeral Services of Florida, Inc., and*
*Alderwoods Group, Inc.*
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

/s/ Ted C. Craig
Ted C. Craig, FBN 794650
tcraig@gray-robinson.com
Christopher N. Johnson FBN 69329
christopher.johnson@gray-robinson.com
Anastasia Protopapadakis, FBN 51426
anastasia.protopapadakis@gray-robinson.com

**SERVICE LIST**

Barry R. Davidson, Esq.
E-Mail: bdavidson@hunton.com
Hunton & Williams LLP
Barclays Financial Center
1111 Brickell Avenue, Floor 25
Miami, Florida 33131
Tel: (305) 810-2500
Fax: (305) 810-2460
*Attorney for Defendant Rusty Scott*

Kevin M. Vannatta
E-Mail: vannatta@lbbslaw.com
Lewis Brisbois Bisgaard & Smith, LLP
200 S.W. 1st Avenue, Suite 910
Ft. Lauderdale, FL 33301
Tel: 954.728.1280
Fax: 954.728.1282
*Attorney for Defendant Hauck Enterprises, Ltd.*

Edward M. Ricci, Esq.
E-Mail: edricci@edriccilaw.com
Edward M. Ricci, P.A.
303 Banyan Boulevard, Suite 400
West Palm Beach, FL 33401
Tel: (561) 842-2820
Fax: (561) 253-0154
*Attorney for Plaintiffs*

Michael J. Avenatti, Esq. *(admitted pro hac vice)*
E-Mail: mavenatti@eaganavenatti.com
Jason M. Frank, Esq. *(admitted pro hac vice)*
E-Mail: jfrank@eaganavenatti.com
Scott A. Sims, Esq. *(admitted pro hac vice)*
Eagan Avenatti, LLP
450 Newport Center Drive, Second Floor
Newport Beach, CA 92660
Tel: (949) 706-7000
Fax: (949) 706-7050
*Attorney for Plaintiffs*